IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3019 |
| vs. | MEMORANDUM AND ORDER |
| ANTHONY UNOCIC, | |
| Defendant. | |

The defendant, Anthony Unocic, is set to be tried in front of this Court on one count of threatening to assault a federal law enforcement officer. Filing 1; filing 26. The government has filed a notice of its intent to introduce evidence of two of Mr. Unocic's prior convictions. Filing 32. The government's proposed evidence will be admitted, in part, as outlined below.

I. STANDARD OF REVIEW

Under Fed. R. Evid. 404(b), evidence of a defendant's prior bad acts or wrongful conduct is not admissible to prove a defendant's propensity for criminal behavior. Such evidence may be admissible, however, for a purpose other than propensity, such as proving the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2); *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013). To be admissible under 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect. *Gant*, 721 F.3d at 509.

But the limitations outlined in Rule 404(b) only apply to wrongful-act evidence that is *extrinsic* to the charged offense; the rule does not prevent admission of wrongful conduct that is *intrinsic* to the charged offense. *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013). Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred i.e., the other crime evidence completes the story or is inextricably intertwined with the charged crime. *Id.*; *Buchanan v. United States*, 714 F.3d 1046, 1047-48 (8th Cir. 2013).

Evidence that is admissible under Rule 404(b), however, "must still pass the 'substantially outweighed' test of Rule 403." *United States v. Adams*, 783 F.3d 1145, 1149 (8th Cir. 2015). In other words, evidence admissible under Rule 404(b) should still be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Anderson*, 783 F.3d 727, 745 (8th Cir. 2015) (quoting Fed. R. Evid. 403). Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *United States v. Iron Hawk*, 612 F.3d 1031, 1040 (8th Cir. 2010).

## II. BACKGROUND

To assess the relevance and probative value of the government's proffered evidence, one must understand the alleged factual basis of Mr. Unocic's pending charge. Mr. Unocic is charged under 18 U.S.C. § 115(a)(1)(B) with one count of threatening to assault Agent David Tubbs, a federal law enforcement officer, with the intent to retaliate against him for the

2

performance of his official duties. Filing 1. According to the government, this charge arose as follows.

In October 2021, law enforcement intercepted a package containing a firearm suppressor that was being shipped to Mr. Unocic's residence. Filing 32 at 7. As a result, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, including Agent Tubbs, began investigating Mr. Unocic. Filing 32 at 7. After confirming that Mr. Unocic was a convicted felon and the suppressor would function as intended, Agent Tubbs obtained a search warrant for Mr. Unocic's person, vehicle, and residence. Filing 1 at 7. On November 2, 2021, after a successful controlled delivery of the package to Mr. Unocic, agents executed the search warrant and found, among other things, firearms, ammunition, a suppressor, and firearm-related tools and parts. Filing 32 at 8.

Mr. Unocic was arrested that same day for "possession of an unregistered firearm (the possessor) and [being a] felon in possession of a firearm and ammunition." Filing 32 at 8. After his initial appearance, Mr. Unocic was held at the Scottsbluff County Detention Center, and he remained there up until (and for a short time after) he pled guilty to being a felon in possession of a firearm on March 10, 2022. Filing 32 at 7-8. While held at the Scottsbluff County Detention Center, Mr. Unocic allegedly made several threats against Agent Tubbs to other inmates. Filing 32 at 1-2. The current charge against Mr. Unocic stems from those threats.

### III. DISCUSSION

At trial, the government intends to offer evidence of two of Mr. Unocic's prior convictions. First, the government seeks to offer evidence of Mr. Unocic's "2022 felon in possession conviction" and testimony from Agent Tubbs about his involvement in the underlying investigation. Filing 32 at 6-9. Additionally,

3

the government seeks to offer evidence of a separate "2017 possession of explosive/incendiary parts conviction," and testimony from Detective Douglas Slocum about his participation in the standoff between law enforcement and Mr. Unocic that gave rise to this conviction. Filing 32 at 3-6. The Court will consider each conviction, and any related testimony, separately.

### 1. 2022 FELON IN POSSESSION CONVICTION & AGENT TUBBS' TESTIMONY

The government argues that Mr. Unocic's 2022 felon in possession conviction—and the underlying facts—are "intrinsically intertwined" with the charged offense, and therefore, the admission of this evidence is not governed by Rule 404(b). Filing 32 at 10. The Court agrees.

To find Mr. Unocic guilty of the crime charged, the government must prove that: (1) Mr. Unocic made a true threat or threats to assault Agent Tubbs; (2) Mr. Unocic either knew or intended that others would regard his statements as threatening violence, or recklessly disregarded a substantial risk that others could regard his statements as threatening violence; [1] (3) at the time the threats were made, Agent Tubbs was a federal law enforcement officer; and (4) Mr. Unocic made the threats with the intent to retaliate against Agent Tubbs on account of the performance of his official duties. *United States v. Wynn*, 827 F.3d 778, 782 (8th Cir. 2016) (quoting § 115(a)(1)(B)). A statement is considered a "true threat" if the person hearing the statement, considering the totality of the circumstances in which it was made, could reasonably interpret it as a serious expression of an intent to cause present or future harm to another. *United States v. Ivers*, 967 F.3d 709, 718 (2020). Upon review of

---

[1] The U.S. Supreme Court's recent decision in *Counterman v. Colorado* requires the government to prove this subjective intent element that was not previously required by the Eighth Circuit. *See* 143 S. Ct. 2106 (2023).

4

these elements, it is clear that Mr. Unocic's 2022 felon in possession conviction is intrinsic to the charged offense.

The Court agrees that this conviction and the details of Agent Tubbs' underlying investigation provide the fact finder with a "complete story" or "total picture" of the crime charged. *See Brooks*, 715 F.3d at 1076. Specifically, this evidence contextualizes how Mr. Unocic knew Agent Tubbs, and what he meant when he allegedly referred to Agent Tubbs as "the guy who put me here" in conversations with other inmates. *See* filing 33-2 at 1. And the government's theory—that Mr. Unocic's motive to threaten and intent to retaliate against Agent Tubbs stemmed from this conviction—inextricably intertwines this conviction with the current offense.

What's more, even if this conviction was governed by Rule 404(b), it would be admissible. Again, the details surrounding this conviction are relevant and highly probative of Mr. Unocic's alleged motive to threaten and intent to retaliate against Agent Tubbs for performing his official duties. This probative value is much greater than any speculative prejudicial effect, including the minimal risk that the jury would improperly rely on this conviction as propensity evidence after being instructed otherwise. Moreover, this conviction is not overly remote, having occurred less than two years ago. And while not identical in kind, the relationship between this conviction and the current charge allows the jury to consider Mr. Unocic's motive or intent. Since this conviction also has sufficient evidentiary support—through certified copies and Agent Tubbs' testimony—and is offered for a purpose other than proving Mr. Unocic's criminal propensity, it is admissible under Rule 404(b). *See United States v. Escobar*, 50 F.3d 1414 (8th Cir. 1995).

However, evidence related to this conviction will still be subject to the limitations imposed by Rule 403. And the Court will limit the amount of evidence the government can adduce if necessary. For example, the Court agrees with the defendant that certain details about the underlying investigation—including the fact that suspected narcotics were allegedly found during the search of Mr. Unocic's home—have little to no probative value in the instant case, *see* filing 48 at 1, especially since Mr. Unocic was not convicted of a drug-related offense as a result of this investigation. *See* filing 32 at 8. The specific evidence regarding narcotics—and similarly irrelevant details—will be excluded, as the probative value is substantially outweighed by prejudicial effect. Both parties are encouraged to focus their attention on their most pertinent evidence and present their cases clearly and efficiently.

2. 2017 EXPLOSIVES CONVICTION & DETECTIVE SLOCUM'S TESTIMONY

The government also seeks to introduce evidence of Mr. Unocic's 2017 conviction for being a felon in possession of explosives/incendiary parts. Filing 32 at 6. The Court agrees that, to a certain extent, this evidence is also intrinsic to the charged offense, or at the very least admissible under Rule 404(b).

In April 2015, law enforcement was dispatched to Mr. Unocic's home after receiving reports of a suicidal male who was "on a possible drug overdose" and "making threats that he was armed with explosives." Filing 32 at 4. What allegedly followed was a lengthy standoff between Mr. Unocic and police. Filing 32 at 4. According to the proposed testimony of Detective Slocum—who was one of the officers on the scene—Mr. Unocic displayed dangerous conduct throughout the standoff. Specifically, while barricaded in his home, Mr. Unocic wore a bullet-proof vest and "grim reaper" mask, appeared to have a detonation

6

device in his hand that he claimed was rigged with explosives, fired multiple shots off inside of the home, and swung around a large knife. Filing 32 at 5.

After police ended the standoff with gas and flash-bang devices, they searched the home and allegedly found, among other things, homemade incendiary devices, booby traps, components and precursors of explosive materials, paraphernalia consistent with the manufacturing of methamphetamine, and ammunition reading positive for radioactive material. Filing 32 at 5. Bullet damage in the home also indicated that Mr. Unocic had fired into the window wells near where officers had been standing outside. Filing 32 at 6. As a result of this incident, Mr. Unocic pled guilty to felony possession of explosives/incendiary parts in 2017. Filing 32 at 6. The government claims this evidence shows that Mr. Unocic's threats against Agent Tubbs were serious expressions of an intent to cause harm. Filing 32 at 11.

Again, whether Mr. Unocic's statements qualify as "true threats" is determined by considering whether *the individuals who heard the statements* could have reasonably interpreted them as a serious expression of an intent to cause harm. Relevant to this consideration is whether these individuals had reason to believe that Mr. Unocic had a propensity to engage in violence. *See Ivers*, 967 F.3d at 718. In this case, Mr. Unocic allegedly made threats against Agent Tubbs to other inmates while he was being detained at a correctional facility. Filing 32 at 1-3. According to the government, these witnesses will testify that they began to believe the statements they heard were serious threats against Agent Tubbs once Mr. Unocic showed them documents from his previous arrests and told them about his "standoff" with police. Filing 33-1 at 2; filing 33-2 at 2. Mr. Unocic also allegedly told them that he would have

7

no problem harming Agent Tubbs because he already shot at police once during a standoff. Filing 33-1 at 2; filing 33-2 at 2-3.

What *these witnesses* knew about Mr. Unocic's previous conviction and standoff with law enforcement is directly relevant and highly probative of whether they could have reasonably concluded his statements were "true threats." In this way, their testimony about Mr. Unocic's "previous arrest" and "standoff" with police is inextricably intertwined with the crime charged, as it logically tends to prove an element of the offense. *United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014). For this reason, statements that Mr. Unocic allegedly made to them about this conviction are admissible to demonstrate that they believed he had a propensity for violence. Additionally, evidence of the date and nature of the conviction—through certified documents—is admissible to provide context and support for their testimony.

However, what *these witnesses* knew and believed about Mr. Unocic's convictions and propensity for danger is a material issue in this case. And while Detective Slocum's proposed testimony outlines, in great detail, what happened on the day of the standoff, what he knows and recalls about the incident is not relevant to determining if *the witnesses who allegedly heard Mr. Unocic's statements* could have reasonably interpreted them as "true threats" against Agent Tubbs.

Furthermore, to the extent his testimony could be relevant under Rule 404(b) to show that Mr. Unocic's threats against Agent Tubbs were intentionally made, not hyperbole, and capable of being carried out, it is still not admissible. To sustain a conviction, the government need not prove that Mr. Unocic's threats were credible, or that he could actually carry them out. *United States v. Schiefen*, 139 F.3d 638 (8th Cir. 1998). Thus, to the extent

8

evidence of Mr. Unocic's 2017 conviction demonstrates his ability to carry out his alleged threats against Agent Tubbs, it is not relevant.

Additionally, while Detective Slocum's testimony could possibly provide *some* evidence that Mr. Unocic intended his statements to be perceived as a threatening—and that he was not joking, exaggerating, or mistaken—when considered with the entirety of the government's evidence, his testimony is not higher in probative value than it is in prejudicial effect. According to the government's proffered evidence, Mr. Unocic made numerous threats to harm Agent Tubbs. *See* filing 32. When communicating these threats, Mr. Unocic allegedly conveyed a highly-detailed plan, explaining exactly how he would locate Agent Tubbs, how he would harm him, what weapons he would use, etc. The detail and numerosity of these alleged threats—and the reactions of those who heard them—is highly probative of Mr. Unocic's intent and his subjective understanding of the threatening nature of his statements. Additionally, Mr. Unocic's 2022 conviction is very probative of his motive and intent to threaten and retaliate against Agent Tubbs for the performance of his official duties.

Where other evidence is directly relevant and much more probative of the material issues, the value of the 2017 conviction is minimized. Meanwhile, the prejudicial effect of this evidence is great. Extensive and inflammatory details about the standoff—that were unknown to the witnesses who allegedly heard the threats—have a high likelihood of being unfairly prejudicial to Mr. Unocic and increase the risk that the fact finder would make a decision about his guilt on an improper basis. For those reasons, the Court will allow the witnesses who allegedly heard Mr. Unocic's threats to testify as to their knowledge of Mr. Unocic's 2017 explosives conviction. The Court will also allow evidence of the date and nature of this conviction to provide context for this

9

testimony. However, Detective Slocum's testimony about the details of the standoff and his investigation will be excluded under Rules 403 and 404(b).[2]

Dated this 18th day of August, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] This would, of course, include Detective Slocum's testimony about "paraphernalia consistent with the manufacture of methamphetamine" and "items tested positive for radioactive material," which Mr. Unocic sought to exclude with his motion in limine. Filing 48 at 1. Since Mr. Unocic's 2017 conviction—and the instant offense—are not drug-related, the Court will also exclude testimony about methamphetamine paraphernalia from any other government witnesses who may otherwise testify about their knowledge of this conviction.