IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                           4:23-CR-3019

vs.                                                      ORDER

ANTHONY UNOCIC,

                    Defendant.

This matter is before the Court on the government's motion to continue (filing 52), occasioned as result of the lead prosecutor's positive test for COVID-19, and the related exposure to COVID-19 of a key government witness. The Court finds that both the unavailability of counsel, and the unavailability of a key government witness, warrant continuing the trial scheduled to begin today until the next available trial date.

The defendant was first indicted in February of this year. Filing 1. He was already in federal custody, serving a 33-month sentence imposed in the District of Wyoming in July 2022. *See* filing 6 at 1. He made his initial appearance on March 21, and a status conference was set for April 27. Filing 7. At that status conference, defense counsel explained that a pending Supreme Court decision could affect the case,[1] and as a result, no trial date was set—instead, another status conference was set for July 11, and the time until July 11 was excluded from the speedy trial calculation. Filing 13. At the July 11 status conference, a number of issues affecting trial scheduling were discussed, but trial was set to begin today. Filing 14. The defendant did not object to that trial date, or to tolling the speedy trial clock until today.

---

[1] And correctly so. *See Counterman v. Colorado*, 143 S. Ct. 2106 (2023).

That brings us to today's motion, the factual basis for which is unchallenged. In determining whether to grant a continuance, the Court must balance the asserted need for the continuance against the hardship of the resulting delay, and should also consider the complexity of the case, the diligence of the party requesting a continuance, and the conduct of the opposing party. *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014). The Court must also give weight to sudden exigencies and unforeseen circumstances, *see United States v. Jones*, 662 F.3d 1018, 1024 (8th Cir. 2011)—which is certainly given *significant* weight here.

The defendant's primary argument is that the government's second-chair AUSA should step up and try the case. The Court disagrees. Ms. Fliam is certainly a capable attorney, but her first appearance in this case was less than a month ago. *See* filing 20. And contrary to defense counsel's representation, this is *not* a simple case—the nature of the prosecution and the government's witness list give this case a complicated procedural background, and present a host of evidentiary judgment calls. And that's even before the Court reaches the difficult legal questions presented by the charging statute—the intent requirement of which is far from clear—and the Supreme Court's recent decision in *Counterman*.

The ends of justice simply aren't served by throwing an unprepared prosecutor into trial on the day of jury selection. Nor has the defendant made any showing of prejudice—that is, he has not shown that his defense at trial will be prejudiced by the delay in trying him. The progression of this case has, in fact, been relatively expedited. Nor can the defendant show that he's prejudiced by remaining in custody given that he's already serving a federal sentence for a previous conviction. The closest he comes is suggesting that he's not earning "good time" credit while incarcerated here in pretrial detention,

rather than serving his sentence with the Bureau of Prisons. The Court will do its best to remedy that.

In sum: The Court finds, first, that a key government witness is unavailable due to his exposure, yesterday, to COVID-19—regardless of whether he's tested positive yet, the Court is unwilling to endanger others by transporting and housing that prisoner or permitting him to testify until his risk of infection has passed. 18 U.S.C. § 3161(h)(3)(A). The Court also finds that due to the unavailability of the government's lead counsel, the ends of justice served by continuing the trial outweigh the interests of the public and the defendant in a speedy trial. § 3161(h)(7).

In order to ensure the full recovery of the prosecutor and the government's witness, and set a date certain for trial, this matter will be continued until September 25, 2023, or as soon thereafter as the case may be called. The time between today's date and September 25, 2023 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time prepare this case for trial, and failing to grant additional time might result in a miscarriage of justice. § 3161(h)(1) & (h)(7).

IT IS ORDERED:

1.      The government's motion to continue (filing 52) is granted.

2.      Trial in this case is continued to Monday, September 25, 2023 at 9:00 a.m. in Courtroom 1, Robert V. Denney Federal Building and U.S. Courthouse, 100 Centennial Mall North, Lincoln, Nebraska, before the undersigned judge.

3.      The pretrial conference and in-court hearing set for today are cancelled.

4.      The U.S. Marshal is directed to remand the defendant to the custody of the Bureau of Prisons pending trial in this case, to resume service of his Wyoming sentence.

5.      The Clerk of the Court is directed to provide a copy of this order to the U.S. Marshals Service.

Dated this 21st day of August, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge