IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY UNOCIC,<br><br>　　　　　　　Defendant. | 4:23CR3019<br><br>BRIEF IN SUPPORT OF MOTION FOR UPWARD VARIANCE |

## **INTRODUCTION**

A jury convicted Anthony Unocic (Unocic) of threatening to assault ATF Special Agent David Tubbs with the intent to retaliate. (Filing 71). Unocic's advisory sentencing guideline range is 51 – 63 months imprisonment, and the statutory maximum punishment is six years. RPSR ¶ 109; 18 U.S.C. 115(b)(4). The government moves the court to vary above the guideline and sentence Unocic to six years of imprisonment and three years of supervised release. The government does not intend on adducing testimony, and anticipates offering as evidence on this motion the following at sentencing: 1) evidence adduced at trial with related exhibits; 2) RPSR; 3) victim impact statement, if any, submitted by Agent Tubbs; and 4) transcript of Unocic's sentencing hearing held July 2, 2022, when he was sentenced in the District of Wyoming for being a felon in possession of firearms and ammunition.

## **ARGUMENT**

The United States moves for a variance upward from the sentencing guideline in order to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a). Post-*Booker*, this Court must determine whether a non-guidelines sentence is appropriate after determining the guidelines range and any permissible departures within the guidelines structure. *United States v. Myers*, 503

1

F.3d 676, 684 (8th Cir. 2007). The court has a "responsibility to select a sentence that [is] 'sufficient, but not greater than necessary' to comply with the statutory sentencing purposes." *United States v. Gray*, 577 F.3d 947, 950 (8th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). "[A] district court's job is not to impose a reasonable sentence, but rather to impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a). *United States v. Lytle*, 336 F. App'x 587, 588 (8th Cir. 2009).

In arriving at an ultimate sentence, this Court must carefully consider all of the statutory factors set forth in 18 U.S.C. § 3553(a). Among those factors is: the nature and circumstances of the offense and the history and characteristics of the Defendant; the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of Defendant; and the kinds of sentences available.

Unocic has never accepted that his conduct in this case was in violation of the law. There is no evidence of contrition or remorse. Nor is there any reasonable explanation for Unocic's fixation on retaliating against Agent Tubbs who was simply doing his job. There is no evidence Unocic was delusional speaking in hyperbole when he repeatedly voiced specific methods he planned to use to kill Agent Tubbs. This is evidenced by his returning to that topic again and again while incarcerated at Scottsbluff County Detention Center.

Unocic has been trained to use explosives and firearms in the military (awards for M16 and grenades). He held a job as a correctional officer for over ten years where he may have reached lieutenant rank, and likely learned about the seriousness and consequences of threatening a law enforcement officer. In 2015, he was reckless enough to threaten suicide by police. During that incident, which resulted in an explosives conviction, he threatened his own parents, and donned

gear showing he meant what he said. He fired off rounds in the basement in the direction of responding police. He had literature and chemicals to make explosives. In the instant case, he told witnesses that the ATF did not retrieve all of his weapons, and even if untrue, he has expertise in assembling "ghost guns" and ordering suppressors from other countries to avoid detection. His criminal history shows continued possession of firearms in spite of being a prohibited person.

Most of the information about Unocic's background came from the Wyoming PSR so there is not much known about his current status – whether that be drug dependence, mental health status, or physical health. He has previously been diagnosed with a host of mental health conditions but does not believe he needs mental health treatment. He has history of suicide attempts. He is in debt over $100,000. The factual bases that underlie previous convictions reflect a history of resisting arrest, disobeying orders, and possessing weapons.

In short, he has the tools physically to carry out his threats. He has the knowledge to carry out his threats. He knows where Agent Tubbs works and has the sophistication to do his own research on the internet to find people. There is evidence he has a drug addiction. This combination of present ability to carry out threats, with the unpredictable nature of mental illness and drug addiction, makes Unocic a danger to the public in general, and to Agent Tubbs specifically. Further, there does not appear to be a governor, or abatement, or a reasonable plan designed to address the conduct or behavior. For these reasons, and chiefly to protect the public, the government believes a maximum sentence is appropriate in this case.

Thus, the government respectfully requests that Court sentence Unocic to six years in prison followed by three years of supervised release. The Wyoming sentencing transcript as well as any victim impact statements will be provided to the court and defense counsel when those items are received.

        Respectfully Submitted,

        UNITED STATES OF AMERICA,

        SUSAN LEHR
        Acting United States Attorney
        District of Nebraska

By:    *s/ Dan Packard*
        DAN PACKARD, #21991
        Assistant U.S. Attorney
        100 Centennial Mall North
        487 Federal Building
        Lincoln, NE 68508-3865
        Tel: (402) 437-5241
        Fax: (402) 437-5390
        E-mail: Daniel.packard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

        *s/ Dan Packard*
        Assistant U.S. Attorney